IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Civil No. 09-20423-AG-GOLD

[McALILEY]

UNITED STATES OF AMERICA, )
                          )
        Petitioner,       )
                          )
v.                        )
                          )
UBS AG,                   )
                          )
        Respondent.       )

FILED by ___ D.C.
FEB 19 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. – MIAMI

**PETITION TO ENFORCE JOHN DOE SUMMONS**

The United States of America petitions this Court for an order enforcing the IRS "John Doe" summons served on the respondent, UBS. In support, the United States alleges as follows:

1. The Court has jurisdiction over this case under 26 U.S.C. §§ 7402 and 7604(a) and 28 U.S.C. §§ 1340 and 1345.

2. UBS is an international bank that is also found within this district.

3. Daniel Reeves is a duly commissioned Internal Revenue Agent and Offshore Compliance Technical Advisor employed in the Small Business/Self Employed Division of the Internal Revenue Service. He is assigned to the Internal Revenue Service's Offshore Compliance Initiative.

4. Revenue Agent Reeves is conducting an investigation to determine the identity of US taxpayers who have violated the Internal Revenue Code by failing to report the existence of, and income earned in, undeclared Swiss accounts with UBS.

5. On February 18, 2009, this Court approved a "Deferred Prosecution Agreement" (DPA) between UBS and the United States, in which UBS admitted that it had engaged in certain specified criminal activities in violation of U.S. law. <u>United States v. UBS AG</u>, 09-60033-CR-COHN (S.D. Fl.) Those activities relate to the matters discussed in the Declaration of Daniel Reeves, filed in support of this petition. The Court should take judicial notice of the DPA and the Court's files in that case. <u>United States v. Rey</u>, 811 F.2d 1453, 1457 n. 5 (11th Cir. 1987).

6. Attached to the DPA is a Statement of Facts that UBS admits are true. In the Statement of Facts, UBS admitted the following, among other things:

   a. "Beginning in 2000 and continuing until 2007, UBS . . . participated in a scheme to defraud the United States and . . . the IRS, by actively assisting or otherwise facilitating a number of U.S. individual taxpayers in establishing accounts at UBS in a manner designed to conceal the U.S. taxpayers' ownership or beneficial interest in such accounts." ¶ 4.A.

   b. UBS "private bankers and managers would actively assist or otherwise facilitate certain undeclared U.S. taxpayers, who such private bankers and managers knew or should have known were evading United States taxes, by meeting with such clients in the United States and communicating with them via U.S. jurisdictional means in a regular and recurring basis with respect to the their UBS undeclared accounts. This enabled the U.S. clients to conceal from the IRS the active trading of securities held in such accounts and/or the making of payments and/or asset transfers to or from such accounts. Certain UBS executives and managers who knew of the conduct described in this paragraph continued to operate and expand the U.S. cross-border business because of its profitability." ¶ 4.C.

   c. "In or about 2004, the UBS Wealth Management International business changed its compensation approach . . . Thereafter, the managers of the U.S. cross-border business implemented this new compensation structure in a way that provided incentives for U.S. cross-border private bankers to expand the size of the U.S. cross-border business. This encouraged those private bankers to have increased contacts in the United States with U.S.-resident clients via travel to the United States and contact with U.S. clients via telephone, fax, mail and/or e-mail." ¶ 5.

   d. "During the relevant period [2001 through 2007], Swiss-based UBS private bankers also traveled to the United States to meet with certain of their U.S. private clients, . . . These [45 to 60 Swiss-based] private bankers traveled to the United States an average of two to three times per year, in trips that generally varied in duration from one to three weeks, and generally tried to meet with three to five clients per day. An internal UBS document estimated that U.S. cross-border business private bankers had made approximately 3,800 visits with clients in the United States during 2004. In addition, while in Switzerland, these private bankers would communicate via telephone, fax, mail and/or e-mail with certain of their private clients in the United States about their account relationships, including on occasion to take securities transaction orders in respect of offshore company accounts. Private bankers in the U.S. cross-border business typically traveled to the United States with encrypted laptop computers to maintain client confidentiality and received training on how to avoid detection by U.S. authorities while traveling to the United States." ¶ 6.

   e. "The U.S. cross border business generated approximately $120 million - $140 million in annual revenues for UBS. . .". ¶ 8. This conflicts with the estimate of two other sources that UBS's cross-border business generated $200 million in annual profits. See, Reeves Decl., ¶ 43.

7. On July 1, 2008, this Court issued an order granting the United States leave to serve a "John Doe" summons on UBS AG. Case No. 08-21864-MC-LENARD/GARBER.

8. Internal Revenue Agent Arthur S. Brake is authorized to issue "John Doe" summonses pursuant to 26 U.S.C. § 7602, 26 C.F.R. § 301.7602-1, 26 C.F.R. § 301.7602-1T, and Internal Revenue Service Delegation Order No. 4 (as revised).

9. In furtherance of the investigation described in ¶ 4 above, on July 21, 2008 Revenue Agent Brake issued a "John Doe" summons to UBS. That summons directed UBS to appear before Revenue Agent Reeves or his designee on August 8, 2008 at 10:00 a.m., at the place identified in the summons, to give testimony and produce for examination certain books, papers, or other data as described in the summons.

10. Revenue Agent Brake served an attested copy of the summons on July 21, 2008 by delivering it in person to James Dow, Director & Head of Compliance for UBS.

11. UBS failed to appear on August 8, 2008. To date, UBS has failed to comply in full with the summons.

12. Except for the items specifically identified in Revenue Agent Reeves's Declaration filed with this Petition, the testimony and documents described in the summons are not already in the possession of the IRS.

13. All administrative steps required by the Internal Revenue Code for the issuance of the summons have been followed.

14. The testimony, books, records, papers, and/or other data sought by the summons may be relevant to the IRS's investigation.

15. The identities of the "John Does" are unknown. Accordingly, the IRS does not know whether there is any "Justice Department referral," as that term is defined by 26 U.S.C. § 7602(d)(2), in effect with respect to any unknown "John Doe" for the years under investigation.

16. The Declarations of Daniel Reeves and Barry B. Shott filed with this Petition establish the four elements necessary to prove a *prima facie* case to enforce the summons:

    a. The investigation will be conducted pursuant to a legitimate purpose.

    b. The information sought may be relevant to that purpose.

    c. The information sought is not already in the possession of the IRS.

    d. All administrative steps required by the Internal Revenue Code have been followed.

United States v. Powell, 379 U.S. 48, 57-58 (1964). Accordingly, the burden now shifts to the respondent to show why the summons should not be enforced. United States v. Medlin, 986 F.2d 463, 466 (11th Cir. 1993).

WHEREFORE, the United States respectfully prays that the Court:

A.     Enter an order directing the respondent to show cause, if any it has, why it should not comply with summons in all respects; and,

B.     Enter an order directing the respondent to comply in full with the summons, by ordering the respondent to appear, testify and produce documents demanded in the summons, before Revenue Agent Daniel Reeves, or such other officer or employee of the IRS that it may designate, within 10 days of entry of the Order, or at such later time and place as may be set by Revenue Agent Reeves or such other officer or employee of the IRS.

                    R. ALEXANDER ACOSTA
                    United States Attorney

By: _____ 2/18/2009
                    STUART D. GIBSON
                    Senior Litigation Counsel, Tax Division
                    U.S. Department of Justice
                    P.O. Box 403
                    Washington, D.C. 20044
                    Telephone: (202) 307-6586
                    Facsimile: (202) 307-2504
                    Stuart.D.Gibson@usdoj.gov

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
United States of America

### DEFENDANTS
UBS AG

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Dade
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Stuart D. Gibson, U.S. Department of Justice
Tax Division, P.O. Box 403
Washington, DC 20044       (202) 307-6586

Attorneys (If Known)

FILED by _____ D.C.
FEB 19 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. – MIAMI

(d) Check County Where Action Arose: ✓ MIAMI-DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE  ☐ HIGHLANDS

Dade 09mc20423-Gold/McAliley

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

✓ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question (U.S. Government Not a Party)
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ✓ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | / ☐ 530 General | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

✓ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):

a) Re-filed Case ☐ YES ✓ NO   b) Related Cases ✓ YES ☐ NO

JUDGE Lenard   DOCKET NUMBER 08-mc-21864-JAL

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

26 U.S.C. Section 7604, Petition to Enforce "John Doe" Summons

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ✓ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD  [signature]
DATE  2/18/2009

**FOR OFFICE USE ONLY**
AMOUNT  NFR   RECEIPT # _____   IFP _____